**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20262
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDY ANTHONY RUDOLPH,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CR-342-1

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rudy Anthony Rudolph appeals the revocation of his supervised release and the sentence imposed thereafter. He argues that (1) the district court plainly erred when it ordered him to be continually held in custody until he paid restitution; (2) the district court plainly erred when it failed to consider U.S.S.G. § 7B1.4 when revoking his supervised release; and (3) the district court abused its discretion when it relied on documentation that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was unauthenticated to support its finding that he failed to alert the Probation Office to a change in his financial circumstances.

Rudolph's judgment orders that he "be held in continuous custody until the restitution is paid in full."  Rudolph may be resentenced following the expiration of his term of imprisonment for a willful failure to pay the ordered restitution; however, imposition of a new term of imprisonment is not automatic, United States v. Payan, 992 F.2d 1387, 1397 (5th Cir. 1993), and is subject to statutory maximums.  18 U.S.C. §§ 3614, 3615.  Rudolph therefore cannot be ordered "continuously held" until payment is made, and he has established plain error on the part of the district court in this regard.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).

Rudolph has shown no other error in his proceedings. With regard to the district court's alleged failure to consider U.S.S.G. § 7B1.4, Rudolph has not borne his burden of showing that the alleged error affected the outcome of his proceedings, and, therefore, he cannot show plain error. See Mares, 420 F.3d at 520. The district court's allegedly erroneous evidentiary rulings were harmless given that the revocation of Rudolph's supervised release was supportable based on any one of the three charged violations other than his failure to report a change in his financial condition. See FED. R. CRIM. P. 52(a).

2

In light of the foregoing, the revocation of Rudolph's supervised release is AFFIRMED.  The sentence is AFFIRMED IN PART and VACATED IN PART, vacating only that portion of the judgment which ordered Rudolph to "be held in continuous custody until the restitution is paid in full."  The case is REMANDED to the district court for further proceedings consistent with this opinion.

**REVOCATION OF SUPERVISED RELEASE AFFIRMED; SENTENCE AFFIRMED IN PART AND VACATED IN PART; REMANDED.**